CENTRAL CAMBALACHE, APPELLANT, *v.* THE REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Mortgage.

No. 228.—Decided July 23, 1915.

BARGAIN AND SALE—COMMON PROPERTY—RECORD OF TITLE—OWNERSHIP.—When a property is owned by brothers in common *pro indiviso* by title of inheritance and one of them purchases the interests of the others and records his title, from that moment the rights of the different joint-owners become vested in one single person, the purchaser, and he becomes, therefore, the sole owner of the property.

MORTGAGE—RECORD OF TITLE—JOINT-OWNERS.—The admission to record of a mortgage cannot be denied on the sole ground that the property is not re-

corded in the name of the mortgagor, when it appears from the registry itself that he has acquired all the rights of the different joint-owners. He who is the owner of all of the different parts of a property is the owner of the whole property.

The facts are stated in the opinion.

*Mr. Félix Santoni* for the appellant.

The registrar appeared *pro se.*

MR. JUSTICE ALDREY delivered the opinion of the court.

During the wedlock of Bartolomé Saavedra and Evarista Soler the latter acquired by purchase a property which was recorded in her name under No. 175 on page 111 of volume 3 of Quebradillas of the Registry of Property of Arecibo.

Both having died and their eight children having been designated as their heirs, the property was recorded in their names in common *pro indiviso* under title of inheritance. Later, one of the heirs, José Quintiliano Saavedra Soler, purchased the undivided interests of the other brothers and sisters and the property was recorded in his name, the registrar stating in this record that it was subject to the result of the liquidation of the conjugal partnership composed of the said spouses.

Subsequently a deed of July 31, 1914, whereby José Quintiliano Saavedra created a mortgage on that property and another property in favor of the Central Cambalache, was presented in the registry for record.

According to the note subjoined to the instrument the registrar recorded the mortgage, but understanding that the record as to property No. 175 included only the hereditary rights therein recorded in the name of the mortgagor and was subject to the result of the liquidation of the conjugal partnership composed of the spouses Bartolomé Saavedra Espinosa and Evarista Soler Lassalle, he refused its admission to record as regards the whole property because it was not recorded in favor of the said mortgagor, basing his action on article 20 of the Mortgage Law, and entered a cautionary notice instead. The Central Cambalache took the pres-

ent appeal from that decision and prays that we order the admission to record of the mortgage.

According to the registry, the property in question belonged to the Saavedra-Soler heirs in common *pro indiviso* by title of inheritance. But from the moment when one of them purchased the interests therein of the others the interests of the different joint-owners became vested in one single person and he became, therefore, the sole owner of the property. The instrument witnessing said purchase having been recorded, the registry shows José Quintiliano Saavedra to be the sole owner of the property; consequently the mortgage created by him on the property in favor of the Central Cambalache cannot be denied admission to record on the ground that the property is not recorded in his name. He who is the owner of all the different parts of a property is the owner of the whole property.

The decision appealed from is reversed in so far as it refers to property No. 175 recorded in volume 3 of Quebradillas and it is ordered that the mortgage on the whole property be recorded.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.